# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BARRY CALHOUN and TEMIMA SPETNER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 4:19cv2540-SNLJ |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM and ORDER

Plaintiffs Barry Calhoun and Temima Spetner filed this lawsuit against their insurance company, defendant State Farm Insurance Company, in the Circuit Court of the City of St. Louis, Missouri, on August 20, 2019.  Defendant removed the case to this Court on September 11, 2019, citing this Court's diversity jurisdiction.  Following the parties' initial disclosures, plaintiffs say they determined that the joinder of Gregory P. Metzger Insurance Agency, Inc., and Gregory P. Metzger (collectively, "Metzger"), is necessary to the adjudication of the issues in this case. Metzger and his agency would destroy diversity in this case because both plaintiff and Metzger are citizens of Missouri.  The Case Management Order in this case required plaintiffs to join new parties by March 23, 2020. Plaintiffs filed the instant motion to add parties and to remand to state court on March 19, 2020.

Plaintiffs' lawsuit claims defendant State Farm improperly failed to pay for

replacement of their 120-year-old home's clay tile roof and repair a carriage house's slate tile roof due to hail damage. Defendant's inspector claimed that a hail storm had not caused damage to plaintiffs' roofs but that the roofs needed to be repaired at a cost of $74,000. Plaintiffs' inspectors opine the clay tile roof should be replaced and slate tile roof repaired at a cost of over $600,000. A second contractor retained by defendant also opined that the roof should be replaced. Plaintiffs further state that the roofing contractors would not guarantee any repairs to the structure because the entire roof needed to be replaced. Defendant refused to indemnify plaintiffs for roof replacement or for the damage to the interior of the home because the underlayment of the roof was deteriorated. Plaintiffs filed this lawsuit claiming breach of contract, vexatious refusal to pay, and equitable estoppel to deny coverage.

      Plaintiffs state they recently discovered, through initial disclosures, that Metzger is a "necessary and indispensable party" due to his involvement with obtaining the insurance policy. Specifically, plaintiffs allege that Metzger submitted an application for insurance to defendant State Farm on behalf of plaintiffs. In that application, Metzger stated the roof of plaintiffs' home had been replaced in 2007. In their proposed amended complaint, plaintiffs add counts against Metzger for negligence and breach of fiduciary duty. Plaintiffs recognize that adding Metzger destroys this Court's diversity jurisdiction, so they seek remand of the case back to the Circuit Court for the City of St. Louis.

      Defendant opposes the motion to amend and remand because it believes the amendment is sought solely to return the case to state court.

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). When an action is removed from state to federal court, and "after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see also Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 307-08 (8th Cir. 2009). "Joinder would be required if the plaintiff satisfied Fed. R. Civ. P. 19 by showing that the new parties are necessary and indispensable to a full resolution of the case." *Bailey*, 563 F.3d at 308.

> The factors to consider when determining whether a party is indispensable include:
>
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
> >  (A) protective provisions in the judgment;
> >  (B) shaping the relief; or
> >  (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.* at 308 (quoting Fed. R. Civ. P. 19(b)).

Plaintiffs address none of those considerations, and it appears that none apply here. Plaintiffs seek to add claims of negligence and breach of fiduciary duty against Metzger due to his failure to have plaintiffs sign the application and his inaccurate statement that the

3

roof had been replaced in 2007.  But defendant did not deny plaintiffs' claim due to either of those alleged missteps.  Defendant instead characterizes the disagreement as one about the scope of necessary repairs: The insurance contract, which is attached to the complaint, does not insure for any loss caused by "wear, tear,…deterioration,…[and] mechanical breakdown."  Thus, defendant's denial relates to the current state of the roof—not the misrepresentation regarding the age of the roof.   Notably, the proposed amended complaint does not explain how Metzger's failure to have plaintiffs sign the application or how his misstatement of the age of the roof changed defendant's claims handling.

Plaintiffs argue that Metzger breached his duty to secure the insurance they needed—that is, insurance for a house with a 124-year-old clay tile roof.  Plaintiffs insist the age of the roof is intimately related to the dispute between defendant's preferred "partial repair" proposal and the "replacement" plan that two roofing companies say is necessary.  Plaintiffs further argue that although defendant says the roof was already deteriorated at the time of the hail storm, defendant did not know the condition of the roof because it never inspected the roof—presumably because it incorrectly thought the roof was only ten years old.  The incorrect presumption, plaintiffs claim, was Metzger's fault.

Plaintiffs' creative argument aside, plaintiffs do not allege, and there is no evidence to suggest, that defendant denied the claim because it had mistakenly insured the home believing the roof was ten years old.  Plaintiffs' own exhibit to their complaint, a letter from defendant declining coverage, states that defendant "does not owe for the deteriorated condition of the underlayment on the 124-year-old home."  And indeed, the insurance

4

contract disclaims coverage for wear, tear, and deterioration.  Plaintiffs do not allege that Metzger should have acquired an insurance contract that covered deterioration or wear and tear to the roof.

Ultimately, this case is nothing more than a dispute about whether damage to the roof was caused by hail or by deterioration caused by normal wear and tear.  Plaintiffs' insurance coverage states that it does not cover "wear, tear,… deterioration,…[and] mechanical defect."  Defendant denied plaintiffs' claim due to the deterioration of the roof underlayments.  Plaintiffs have not alleged how Metzger's mistake—representing that the roof was only 10 years old—has anything to do with the insurance claim denial.  No allegations pertain to how defendant relied upon that misinformation in making its denial.  Therefore, even assuming the validity of the cause of action against Metzger, Metzger is not necessary to the adjudication of plaintiffs' claims against State Farm; Metzger himself will not be prejudiced by any judgment here, and he is not an indispensable party.

Having determined that Metzger is not an indispensable party, the Court must still determine whether he should be joined, and the case remanded, under permissive joinder.  In this situation, justice requires that the Court

> consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits.  The Court is required to consider 1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether the plaintiff has been dilatory in asking for amendment, and 3) whether the plaintiff will be significantly injured if amendment is not allowed.

*Bailey*, 563 F.3d at 309 (8th Cir. 2009) (internal quotations and citations omitted;

5

alterations adopted).

Defendant State Farm insists that plaintiffs' only reason for adding Metzger is to destroy this Court's jurisdiction because no part of this case involves any misrepresentation on the insurance application.  Based on the foregoing analysis, which demonstrates plaintiffs' failure to connect Metzger's apparent mistake to the denial of their claim, this Court agrees. Although the plaintiffs have not delayed their amendment unreasonably, it appears to this Court that plaintiffs will not be injured if amendment is not allowed.  Plaintiffs are, after all, free to file a separate claim against Metzger in state court.  The Court holds that defendant's interest in a federal forum outweighs any interest plaintiff has in avoiding parallel lawsuits.  This Court thus declines to join Metzger as a defendant and divest itself of jurisdiction.

Accordingly,

IT IS HEREBY ORDERED that the plaintiffs' motion to file amended complaint and remand [#20] is DENIED.

So ordered this  18th  day of May, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE