**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **BARRY CALHOUN and TEMIMA SPETNER,** ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 4:19cv2540-SNLJ |
| **STATE FARM FIRE AND CASUALTY COMPANY,** ) ) ) ) | |
| Defendant. ) | |

## **MEMORANDUM and ORDER**

Plaintiffs Barry Calhoun and Temima Spetner filed this lawsuit against their insurance company, defendant State Farm Insurance Company, in the Circuit Court of the City of St. Louis, Missouri, on August 20, 2019.  Plaintiffs allege defendant wrongfully refused to indemnify plaintiffs for replacement of their 124-year-old-home's clay tile roof because, the defendant says, the underlayment of the roof was deteriorated.  Plaintiffs filed this lawsuit claiming breach of contract, vexatious refusal to pay, and equitable estoppel to deny coverage.

This matter is before the Court on plaintiff's motion to compel [#40].  Defendant responded, and plaintiffs' reply indicates that some issues have been resolved.

Defendant argues that this Court should not hear the motion to compel at all because it says that the plaintiffs did not certify that they attempted to resolve the matter without the Court's involvement.  *See* E.D. Mo. Local Rule 3.04.  However, plaintiffs' motion did

1

include such a certification at Footnote 1.  Plaintiff also included copies of communications showing their efforts.

Plaintiff first requests this Court order defendant to pay sanctions totalling $1,000 to compensate plaintiffs' counsel for time needlessly reviewing a duplicate document production.  The defendant served a second version of its claim file on plaintiffs without explaining the differences between the two files.  Because the production appeared to contain an additional 33 pages, plaintiffs' counsel inquired about them, and defendant's counsel responded that the changes were "minimal" but post-dated the litigation. Plaintiff's counsel reviewed and indexed the re-produced claims file and determined it did not contain any new documents.  Rather, all 33 new pages of the 1,379-page production were redacted, privileged entries in various diary printouts.  Plaintiff characterizes the situation by stating "there was absolutely no point in producing these pages or re-producing the file."  Further, plaintiffs argue that defense counsel could have identified these "changes" because defense counsel presumably did the redacting.  Plaintiffs contend that, essentially, this re-production amounts to harassment and defendants should be required to pay plaintiffs for their counsel's time—$250 an hour for four hours.  The Court declines to sanction the defendants at this time.

The Court next moves on to the substance of the disputed discovery requests. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).  District courts are empowered to limit the scope of allowable discovery if "the

discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

**Interrogatory 7 and Request 26.** These requests relate to the amount of premiums paid by plaintiffs to the defendant.  Defendant says it has already provided information on this issue because the insurance policy was included with its Rule 26 disclosures. Defendant, however, has not said it has no additional information to produce.  Rather, defendant argues that the question of policy premiums is not relevant to any issue before the Court because defendant has not raised the defense that plaintiffs did not pay their premiums.  The question instead is whether defendant properly and fully paid plaintiffs' claim.  The amount of premiums paid is not an issue in the case, and, if it were, plaintiffs have equal access to the information.  The motion is denied as to these requests.

**Interrogatory 15 and Request 29.**  These requests concern the business relationship between defendant and Donan Engineering, the firm providing defendant's key expert witness and one of its key fact witnesses.  Taylor Stumpf, an engineer, provided the report finding that there was no hail damage to the clay tiles, that leaking was caused by other factors, and that there was hail damage to the soft metals of the roof, which gave rise to defendant's scope of work.  The information sought by these requests, plaintiffs say, is directly pertinent to the credibility of Mr. Stumpf and Donan Engineering generally, which (upon information and belief) provides services primarily or exclusively to insurance companies exclusively or almost exclusively. Defendant appears to object to these

primarily because the communications sought are without a time constraint. In fact, the interrogatory limits the data to the last five years only, and the document request is limited to a subset of that data set. This does not appear to be an unreasonable time frame. Moreover, the document request relates only to documents regarding hail damage to a clay tile roof during that time frame. The objections are overruled.

**Interrogatory 16 and Request 30.** These requests pertain to defendant's consistency in applying hail damage standards. Mr. Stumpf's report for defendant states that clay tiles can be damaged by hail only if it is 1.5" in diameter or greater, but the hail that hit plaintiffs' roof was 1.375" (i.e., 1/8" too small). Plaintiff seeks information regarding whether defendant has covered a loss due to hail 1.375" or less to a clay tile roof in other circumstances. Defendant suggests that the request is overly broad and burdensome. Defendant's concerns regarding personally identifying information could be addressed by redaction and/or a protective order. This Court agrees the request is overly broad and disproportionate because it covers all claims for clay tile roofs everywhere and is not limited to claims in which Donan Engineering was involved. It appears that Interrogatory 15 and Request 29 would gather a relevant and sufficient subset of the information sought by Interrogatory 16 and Request 30. Plaintiffs' request for a nationwide search of this information is limited to hail claims for clay roofs in which Donan Engineering was involved over the last five years.

**Interrogatory 17.** This involves the number of homes with clay tile roofs that State Farm insures. Plaintiffs explain that defendant took 12 months to adjust plaintiffs' claim

regarding their tile roof and thus they are interested in how much experience defendant has with clay roofs.  The motion to compel regarding this interrogatory is denied for the same reason Interrogatory 16 and Request 30 were denied.

**Request 31.**  This request involves plaintiffs' claims for hail damage to their vehicles from the same storm that allegedly caused their roof damage.  Defendant has agreed to provide this information upon plaintiffs' furnishing of a claim number, and plaintiffs agreed to attempt to locate the claim number and otherwise work with defendant.  It appears that this aspect of plaintiffs' motion is now moot.

**Interrogatory 20 and Request 32.**  These requests involve hail damage claims from the same storm within a one-mile radius.  Defendant argues that hail damage to neighboring properties is irrelevant.  Plaintiffs argue they are generally aware that some neighbors had hail damage from the same storm, and they seek information regarding whether any of those claims were handled by defendant—and, if so, how they were handled and the estimated size of the hail.  The size of the hail from this storm was very much at issue in this matter and may come down to a difference of an eighth of an inch.  This narrowly-tailored request is permissible.

Next, defendant states it is confused regarding how it would identify other property owners who live within a one-mile radius of plaintiffs' address.  Defendant suggests it would be easier to identify addresses and claims within the same ZIP code.  Then defendant says that answering these requests would involve a file-by-file review, but defendant does not say how many files are involved.  This does not seem like it would be

an onerous request, and plaintiffs say they would be satisfied by a ZIP-code-wide search. Defendant should conduct such a search. As for defendant's concerns about the privacy of its insureds, again, redaction and/or a protective order would resolve those concerns.

Accordingly,

IT IS HEREBY ORDERED that the plaintiffs' motion to compel [#40] is GRANTED in part and DENIED in part, as set forth herein.

IT IS FURTHER ORDERED that defendant shall supplement its disclosures as indicated in this Memorandum and Order no later than February 12, 2021.

So ordered this __27th__ day of January, 2021.

                                                      _____
                                                     STEPHEN N. LIMBAUGH, JR.
                                                     SENIOR UNITED STATES DISTRICT JUDGE