**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BARRY CALHOUN and** | ) | |
| **TEMIMA SPETNER,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:19cv2540-SNLJ** |
| | ) | |
| **STATE FARM FIRE AND CASUALTY** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM and ORDER

Plaintiffs Barry Calhoun and Temima Spetner filed this lawsuit against their insurance company, defendant State Farm Insurance Company, in the Circuit Court of the City of St. Louis, Missouri, on August 20, 2019.  Plaintiffs allege defendant wrongfully refused to indemnify plaintiffs for replacement of their 124-year-old-home's clay tile roof because, the defendant says, the underlayment of the roof was deteriorated.  Plaintiffs filed this lawsuit claiming breach of contract, vexatious refusal to pay, and equitable estoppel to deny coverage.

This matter is before the Court on plaintiff's second motion to compel [#58].  Defendant responded, and plaintiffs' reply indicates that some issues have been resolved.

Plaintiff seeks an order requiring defendant to produce a corporate designee for deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) regarding certain topics.  The discovery deadline in this case was December 30, 2020.  On December 7, plaintiffs

1

requested deposition dates for four witnesses, including a corporate designee.  On December 10 and 11, defendant responded with dates for three of the witnesses and requested a list of topics for designee.  The dates for one witness was after the discovery deadline; however, plaintiff represents that, throughout the case, both parties had cooperatively extended multiple case management deadlines without issue.  Defendant did not mention the discovery deadline when it sent its proposed dates.

On December 13, plaintiffs responded with a plan for scheduling the three witnesses for whom dates were offered, including one to occur after the then-current discovery cutoff, and mediation to occur after the then-current mediation deadline.  On December 28, plaintiffs sent defendant a form designee deposition notice listing topics, again requesting dates, and stating that, once set, the parties should move to amend the Case Management Order to extend the case management deadlines for discovery and mediation accordingly.  Defendant did not respond.

On December 31, just before the start of the third deposition and after the discovery cutoff, plaintiffs reminded defendant of the need to set the corporate designee deposition so that mediation could be scheduled afterwards.  Defendant responded and stated for the first time that it would not produce a designee because of the discovery deadline, even though it was about to produce another witness after the deadline.  Defendant also stated that the topics were "hugely overbroad."  Defendant served its objections to the designee topics on January 8, 2021, objecting to 16 out of 25 topics.  Plaintiff asserts that the objections are meritless and that defendant should be required to provide a corporate designee on those

topics.

Defendant complains that the plaintiffs' request for deposition of a corporate designee was too late and, moreover, that the plaintiffs' provision of a list of topics on December 28 also did not allow time to identify the people required to respond.  Further, defendant argues that plaintiffs have already deposed a former State Farm employee, Joe Gal, and that he was questioned extensively regarding his investigation into the claim and the decisions made by State Farm on the claim.  Defendant concludes there would be no undue hardship to plaintiffs to deny them the chance to reopen discovery to depose a corporate designee on the same topics.

This Court takes plaintiffs' motion as a tacit request to extend the discovery deadline for the purpose of taking a deposition of a corporate representative.  Plaintiffs' expectation that defendant would schedule such a deposition after the deadline is consonant with defendant's scheduling of another deposition after the deadline.  Defendant mentions the deposition of Joe Gal could suffice, but defendant does not offer to adopt that deposition as its corporate testimony, and it is not clear that Mr. Gal testified to all the relevant topics.

As for the topics of the deposition, defendant appears to have narrowed its objections and withdrawn a few.

**Topic 1: Plaintiffs' Homeowners Insurance Policy No. 25-CM-L697-1, including all coverages and exclusions provided thereunder.**  Defendant's objection involves having a witness testify about "all coverages and exclusions" and not

just the one raised by the pleadings of the parties.  Plaintiffs suggest that such a limitation will only invite disagreement.  Defendant should offer a witness able to testify about the policy as a whole.  Plaintiffs assure that "Defendant  can  reasonably  expect  questions to be germane to the issues in the case."

**Topics 2, 4, and 5. Defendant's underwriting of the Policy, communications with plaintiffs and/or their agents regarding underwriting the Policy; and communications with the Gregory Metzger Insurance Agency regarding underwriting the Policy.**  Defendant complains that underwriting issues such as how the premium was set is not at issue in the pleadings.  Plaintiff argues that although defendant denies  coverage  because  the 120-year-old roof  is  "deteriorated," defendant never inspected the roof (nor the rest of the Property) prior to issuing the policy.  Further, defendant claims that the Kirberg "repair" proposal will restore the home  to  "pre-loss condition," but defendant cannot say what "pre-loss"  condition  was.  And, plaintiff Calhoun testified that defendant's agent specifically  sought  out  plaintiffs' business  to insure  this  home.  Plaintiffs therefore want to question why defendant would seek to insure their historic home.  The Court will permit this line of inquiry.

**Topic 6: Plaintiffs' claim(s) for hail damage to their automobile(s) arising from the storm that occurred on or about November 5, 2017.**  Objection withdrawn by Defendant.

**Topic 7: All  premiums  paid  by  Plaintiffs  relating  to  any  policy  of insurance  issued to them by Defendant from September 1, 2017, to the present.**

4

Plaintiffs withdrew this topic in accordance with the Court's ruling on the first Motion to Compel [#60].

**Topics 8, 10, 12, and 13:  Plaintiffs'  claim  for  hail  damage; communications with plaintiffs' and/or their agents and/or representatives; communications with third-party contractors/vendors/inspectors  in  relation  to  the  Claim; communications  with  the  Historic  Preservation  Board,  Neighborhood Association, and/or City of St. Louis regarding the compliance of any roofing proposal with local requirements and/or ordinances.**  Defendant objects that there  is no  time  restriction  and  that, after defense counsel was retained, any information gathered would be at the direction of or made by counsel and is thus privileged.  Of course, privileged communications and work product are protected from disclosure.  However, communications with outside entities (such as the Historic Preservation Board) are not privileged.  And, communications  between  defendant counsel and a  retained, testifying expert  such  as  Larry  Herzing are  not  privileged.  Defendant's arguments to the contrary are puzzling.  These topics are permissible subject to the usual privilege protections.

**Topic 14: All  non-privileged  internal  deliberations/communications  between and amongst defendant's employees, supervisors, agents, and representatives concerning  Claim  No.  25-3111-V93  prior  to  July  23,  2019.**  Defendant objects that "while the topic is limited to 'non-privileged' communications, its inclusion of the word 'all' and 'representatives' necessarily includes attorney client communications."  Clearly, privileged communications are excluded.  If a specific question implicates a privilege, it

can be addressed during the deposition.

**Topic 20:  The circumstances of Joe Gal's separation from Defendant in or  about spring/summer 2019, including whether it was voluntary or involuntary.**

Defendant objects that this topic requires a separate witness and "would require a witness to research into Mr. Gal's entire work history, all unrelated to his role in investigating and adjusting this particular claim."  Plaintiffs respond that multiple witnesses  have  suggested that Mr. Gal lost his job as a result of his handling of this claim.  Plaintiffs believe there is more to the story than Mr. Gal's testimony that he  "retired."  However, plaintiff does not explain how, even if true, the circumstances of Mr. Gal's separation pertains to the issues in this case.  Plaintiff has therefore not shown how such an inquiry is reasonably calculated to lead the discovery of admissible evidence related to the claims here.  This objection is sustained.

**Topic 22:  In the previous five (5) years, the number of times Defendant has  retained Donan Engineering to examine a roof for hail damage, the number of times the roof was made of clay tile, the number of times Donan Engineering concluded that hail damaged the roof in question, the number of times the hail-damaged roof in question was made of clay tile, and the total amount paid to Donan Engineering for such work**.  Defendant appears to have withdrawn its objections to this topic.

**Topic 23:   In the previous twenty (20) years, any claims for loss due to  hail  damage to a clay tile roof caused by hail estimated or known to be 1 3/8 inches or**

**less that Defendant covered, including the following information: claim number, date of loss, property address, size of hail, identity of person who determined that hail caused the loss, remedy for the hail damage (e.g. replacement of roof), and cost of remedy.** Plaintiffs agree to limit this topic to a scope commensurate with the Court's ruling on the first Motion to Compel

**Topic 24: The number of homes in the United States with clay tile roofs that Defendant has insured in each of the last five (5) years and what percentage that represents of the total homes in the United States that Defendant has insured in each of the last five (5) years.** Objection withdrawn by defendant.

**Topic 25: Any claims for hail damage to a roof within a one-mile radius of 10 Washington Terrace, St. Louis, Missouri arising from the storm that occurred on or about November 5, 2017, including the following information: property address, claim number, type of roof involved (e.g. clay tile, slate, asphalt shingle, etc.), all persons who evaluated and/or repaired the alleged damage (e.g., adjuster, claims specialist, inspector, roofer, contractor, etc.), size of hail, and amount of money Defendant paid towards the claim.** Plaintiffs agree to limit this topic to a scope commensurate with the Court's ruling on the first Motion to Compel.  Defendant also notes that it will abide by the Order.

Accordingly,

IT IS HEREBY ORDERED that the plaintiffs' second motion to compel [#58] is GRANTED in part and DENIED in part, as set forth herein.

7

IT IS FURTHER ORDERED that the discovery period is extended through March 29, 2021 for the sole purpose of completing the deposition of defendant's corporate designee, limited to topics for which the defendant has not already adopted earlier testimony as its corporate testimony.

So ordered this  2nd   day of March, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE